# Exhibit A

Brian R. Riley, Esq. (Bar No. 118913)
LAW OFFICES OF BRIAN R. RILEY
16466 Bernardo Center Drive, Suite 106
San Diego, California  92128
(858) 487-5451
(858) 487-0579 fax

Attorney for Plaintiff,
JEFFREY MOURNING

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/25/2013** at 07:07:31 AM
Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO - CENTRAL

| | |
|---|---|
| JEFFREY MOURNING,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, a Governmental Entity; SAN DIEGO SHERIFF'S DEPT., a Public Entity; and DOES 1 through 40, inclusive,<br><br>    Defendants. | CASE NO. 37-2013-00059391-CU-PO-CTL<br><br>COMPLAINT FOR DAMAGES<br>(Damages Exceed $25,000.) |

Plaintiff, JEFFREY MOURNING, alleges and complains as follows:

### PRELIMINARY ALLEGATIONS

1.     Plaintiff, JEFFREY MOURNING ("Plaintiff") is, and at all times herein mentioned was, a resident of San Diego,  County of San Diego, California.

2.     Defendant, COUNTY OF SAN DIEGO, is and at all times mentioned was, a Governmental Entity existing under the laws of the State of California.

3.     Defendant, SAN DIEGO SHERIFF'S DEPT., is and at all times mentioned was, a Public Entity duly organized and existing under the laws of the State of California and situated in the County of San Diego, California..

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 40, are unknown to Plaintiffs, who therefore sues

1 │ said Defendants by such fictitious names.

2 │      5.    Plaintiff is informed and believes and thereon alleges that each of the Defendants

3 │ herein designated as a DOES 1-40 are responsible in some manner for the events and

4 │ happenings herein referred to and caused injuries and damage proximately thereby as

5 │ hereinafter alleged.

6 │      6.    Plaintiff is informed and believes and thereon alleges that at all times herein

7 │ mentioned, each of the Defendants was the agent, servant and employee of the remaining

8 │ Defendants, and at all times herein mentioned, each was acting within the time, place and

9 │ scope of said agency and employment.

10 │      7.    On of about June 13, 2012, Plaintiff was a prisoner confined by Defendants,

11 │ COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT., and DOES 1-40 at George

12 │ F. Bailey Detention Facility, 446 Alta Road #5300, San Diego, California, a detention facility

13 │ located in San Diego County, California.

14 │      8.    On or about June 13, 2012, Defendants and DOES 1-40 incarcerated Plaintiff

15 │ in a cell with an inmate known by Defendants to have contracted methicillin resistant

16 │ staphylococcus aureus (MRSA) a highly communicable disease.

17 │      9.    On December 7, 2012, a Claim Against the County of San Diego was filed on

18 │ behalf of Plaintiff, JEFFREY MOURNING, with the County of San Diego.  A true and

19 │ correct copy of said claim is attached hereto as Exhibit "1" and incorporated herein by this

20 │ reference.

21 │      10.    On January 28, 2013, the County of San Diego issued a Notice of Rejection of

22 │ Claim rejecting Plaintiff's claim. Plaintiff had six (6) months from the date of the notice of

23 │ rejection, July 28, 2013, to file this Complaint. A true and correct copy of said notice of

24 │ rejection is attached hereto as Exhibit "2" and incorporated herein by this reference.

25 │ **FIRST CAUSE OF ACTION**

26 │ **(Negligence)**

27 │ **(Against Defendants, COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT.,**

28 │ **and DOES 1-40)**

---

2

COMPLAINT FOR DAMAGES

C 07-00958 SI

11.     Plaintiff incorporates all the allegations contained in paragraphs 1-10 of this complaint as though set forth herein in full.

12.     Defendants, COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT., and DOES 1-40, at the time of the incident, were sheriffs employed by the County of San Diego at the George F. Bailey Detention Facility ("George Bailey").

13.     At all times herein mentioned, Defendants, and each of them, had a duty to inmates within their custody to segregate from the general prison population any prisoners with a communicable disease and house said prisoners in a contagious disease isolation cell. At all times herein mentioned, Defendants, and each of them, were responsible for the safety and security of the inmates at George Bailey in general and the Plaintiff in particular. At all times herein mentioned, Defendants, and each of them, were acting within the course and scope of that employment.  In so doing, Defendants, and each of them, had a duty of reasonable care to all inmates at George Bailey in general, and to Plaintiff in particular. Defendants owed a duty to Plaintiff, inter alia, to behave as a reasonably prudent person would in the same circumstances in their dealings with Plaintiff.

14.     As set forth herein, at the above-mentioned time and place, Defendants, COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT., and DOES 1-40, and each of them, negligently and carelessly breached said duties by housing Plaintiff, JEFFREY MOURNING, in a cell with an inmate known by Defendants to have contracted methicillin resistant staphylococcus aureus (MRSA) thereby exposing Plaintiff to a highly communicable disease.

15.     As a proximate result of the negligence, carelessness, and unlawfulness of Defendants, and each of them, as herein alleged, Plaintiff contracted methicillin resistant staphylococcus aureus (MRSA) causing injury to his health, strength, and activity, sustaining injury to his body and shock and  injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering.  These injuries will result in some permanent disability to Plaintiff, all to his general damage in a sum within the jurisdictional limits of this Court.

COMPLAINT FOR DAMAGES

C 07-00958 SI

16. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff has incurred and will continue to incur, medical and related expenses reasonably required in the treatment and relief of the injuries alleged in this Complaint in a sum to be proven at trial.

17. Defendants, COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT., and DOES 1-40, are sued herein pursuant to *Government Code* §§ 820(a) and 844.6(d).

## SECOND CAUSE OF ACTION

### (Battery)

**(Against Defendants, COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT., and DOES 1-40)**

18. Plaintiff incorporates all the allegations previously set forth in paragraphs 1-17 in this complaint as though set forth herein in full.

19. A civil battery is an unprivileged touching. Plaintiff herein alleges that Defendants, and each of them, intentionally permitted unprivileged, and non-consensual, physical contact with Plaintiff and exposure to MRSA, a highly communicable disease. Said unprivileged, non-consensual physical contact and exposure to a highly communicable disease proximately caused Plaintiff to contract methicillin resistant staphylococcus aureus (MRSA), thereby causing Plaintiff to incur the injuries and damages as alleged herein.

20. At no time did Plaintiff consent to the physical contact and/or exposure to MRSA, a highly communicable disease as herein alleged. Hence, at no time did Defendants have the legal right to make physical contact and expose Plaintiff to MRSA, a highly communicable disease, in manner that caused Plaintiff to contract MRSA as alleged herein.

21. Defendants, COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT., and DOES 1-40, are sued herein pursuant to *Government Code* §§ 820(a) and 844.6(d).

//
//
//

COMPLAINT FOR DAMAGES

C 07-00958 SI

1

## **THIRD CAUSE OF ACTION**

2

**Violation of Civil Rights Under Color of State Law (Title 42 USC §1983)**

3

**(Against Defendants, COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT.,**

4

**and DOES 1-40)**

5    22.    Plaintiff incorporates all the allegations contained in paragraphs 1 through 21

6    of this Complaint as though set forth herein in full.

7    23.    This cause of action for deprivation of constitutional rights under color of law

8    is brought pursuant to the federal statute entitled Title 42 USC §1983 for remedies for the

9    above-listed Defendants' deprivation of Plaintiff's civil rights under color of law.  By this

10   action, Plaintiff seeks all legal and equitable relief to which he may be entitled, including,

11   but not limited to, compensatory damages, attorneys' fees and costs, punitive damages and

12   pre-judgment interest.

13   24.    On or about June 13, 2012, Defendants, COUNTY OF SAN DIEGO, SAN

14   DIEGO SHERIFF'S DEPT., and DOES 1-40,  acting under color of law, deprived Plaintiff

15   of his civil rights by intentionally, and/or with a deliberate indifference to Plaintiff's civil

16   rights, by housing Plaintiff in a cell with an inmate known by Defendants to have contracted

17   methicillin resistant staphylococcus aureus (MRSA) thereby exposing Plaintiff to a highly

18   communicable disease.

19   25.    As a proximate result of the intentional and/or deliberately indifferent conduct

20   of Defendant COUNTY OF SAN DIEGO, SAN DIEGO SHERIFF'S DEPT., and DOES 1-

21   40, and each of them, committed under color of law, Plaintiff contracted methicillin resistant

22   staphylococcus aureus (MRSA) causing injuries and damages to his health, strength, and

23   activity, sustaining injury to his body and shock and  injury to his nervous system and person

24   as herein alleged.  Said conduct by Defendants constituted a violation of Plaintiff's rights

25   under the Constitution of the United States of America, including, but not limited to, those

26   rights guaranteed by the Eighth and Fourteenth Amendments thereto.

27   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

28   follows:

C 07-00958 SI

1.     For general damages in a sum within the Court's jurisdiction;

2.     For all medical and incidental expenses according to proof;

3.     For all loss of earnings and earnings capacity according to proof;

4.     For attorney fees and costs of suit incurred herein pursuant to Title 42 USC §1983 and any and all other statutory and/or case law that may apply; and,

5.     For costs of suit herein incurred;

6.     For attorney's fees incurred herein; and

7.     For such other and further relief as the court may deem proper.

DATED: 7/25/13

LAW OFFICES OF BRIAN R. RILEY

BRIAN R. RILEY, Attorney for Plaintiff,
JEFFREY MOURNING

---

COMPLAINT FOR DAMAGES

Exhibit 1



## CLAIM AGAINST THE COUNTY OF SAN DIEGO
### (FOR DAMAGES TO PERSONS OR PERSONAL PROPERTY)

| | |
|---|---|
| **Received by**  **via** | |
| U.S. Mail ☐ | Time Stamp |
| Inter-Office Mail ☐ | |
| Over the Counter ☐ | File No: _____ |

A claim must be filed with the Claims Division of the County of San Diego within 6 months after which the incident or event occurred. Be sure your claim is against the County of San Diego, not another public entity. Where space is insufficient, please use additional paper and identify information by paragraph and number. Completed claims must be mailed or delivered to:

*County of San Diego, Claims Division, 1600 Pacific Highway, Room 355, San Diego, CA 92101- Phone (619) 531-4899*

## TO THE HONORABLE BOARD OF SUPERVISORS – THE COUNTY OF SAN DIEGO, CALIFORNIA

The undersigned respectfully submits the following claim and information relative to damage to persons and/or personal property:

### Claimant Information

| Last Name | First Name | Middle Name |
|---|---|---|
| MOURNING | JEFFREY | LEE |

| Street Address | City | Zip |
|---|---|---|
| 16466 Bernardo Center Dr. #106 | SAN DIEGO | 92128 |

| Home Phone (include area code) | Work Phone (include area code) | E-mail Address |
|---|---|---|
| None | (858) 487-5451 | lawoffices_brianriley@yahoo.com |

| Birth Date | Driver's License Number |
|---|---|
| 8/31/57 | None |

Name, telephone and post office address to which claimant desires notices to be sent, if other than above:

### Claim Information

| Date of Occurrence or Event from which the claim arises: | Time of Occurrence or Event from which the claim arises: |
|---|---|
| On or About 6/13/12 | Time MRSA infected inmate was housed with Mr. Mourning. |

Location, including address (if none, nearest cross street) and city:
George F. Bailey Detention Facility Cell, 446 Alta Road #5300, San Diego, CA 92158

Specify the particular occurrence, event, act or omission you claim caused the injury or damage (use additional paper if necessary):

Claimant was housed in a cell with an inmate known by the County of San Diego to be infected with MRSA, a highly communicable disease. Claimant contracted MRSA after being exposed to this inmate.

State how or wherein the County of San Diego or its employees were at fault. Give the name(s) of the County department and employee(s) causing the damage or injury:

County of San Diego violated their own policies and procedures by failing to isolate the inmate infected with MRSA in an isolation cell, but instead placed the inmate with Mr. Mourning. The San Diego County Sheriff's Department were responsible for exposing Mr. Mourning to MRSA

CD1 (Rev. 6/11)                                    (Cont.)

Give a description of the property damage or loss, as is known at the time of the claim:


Give a description of the injury, as is known at the time of the claim:
*Mr. Mourning contracted MRSA causing abscesses on Mr. Mourning's face. This caused Mr. Mourning to undergo extensive hospitalization, treatment, and residual facial scars. May require future plastic surgery.*

Social Security Number (required for Federal reporting requirements):
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

Name and address of any other person injured:
*N/A*

Name and address of the owner of any damaged property:


## Damages Claimed

Amount claimed as of this date: $ *100,000.00*

Estimated amount of future costs: $ *unknown*

Total amount claimed: $ *100,000.00*

Basis for computation of amounts claimed (include copies of all bills, invoices, estimates, etc):


## Damaged Vehicle (if applicable)

| Make: | Model: | Year: |
|---|---|---|
| License Plate Number: | Mileage: | |
| Insurance Company: | Policy Number: | |

## Additional Information

Names and Address of witnesses, hospitals, doctors, etc:

A. *U.C.S.D. Health System, 200 West Arbor Dr. San Diego CA 92103*

B.

C.

Any additional information that might be helpful in considering this claim:


➢ WARNING: IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM (PENAL CODE § 72; INSURANCE CODE § 556.1)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the foregoing is TRUE and CORRECT.

Signed this ___*7th*___ day of ___*Dec.*___, 20_*12*_ at *San Diego, CA*

*Claimant's Signature*

*Attorney for Claimant Jeffrey Lee Mourning*

Mourning

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

County of San Diego
Claims Division
1600 Pacific Highway, Room 355
San Diego, CA 92101

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
_____                  12-10-12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☒ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7006 2760 0003 1158 3416

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

Exhibit 2



# County of San Diego
## OFFICE OF COUNTY COUNSEL
### CLAIMS AND INVESTIGATION DIVISION
#### 1600 PACIFIC HIGHWAY, ROOM 355, SAN DIEGO, CALIFORNIA 92101-2469

January 28, 2013

Jeffrey Mourning
c/o Brian Riley, Esq.
LAW OFFICES OF BRIAN RILEY
16466 Bernardo Center Drive, Suite 106
San Diego, CA  92128

Re:  Client/Claimant:  Jeffrey Lee Mourning
      County File Number:  120481
      Date of Incident:  June 13, 2012

SUBJECT:  **NOTICE OF REJECTION OF CLAIM**

The subject claim has been received by the Claims Division for investigation and a determination of liability, if any.

The liability of a governmental entity and its employees to a person who claims damages is strictly limited by the laws within the State of California.  Your claim has been reviewed within the terms and restrictions of those laws.  We regret that investigation has obliged us to conclude that the claim must be rejected.  Therefore, the claim is hereby rejected this date.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on those causes of action recognized under the California Tort Claims Act.  See Government Code Section 945.6.

                Sincerely,

                Office of County Counsel
                Claims and Investigation Division
                (619) 531-4899

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**07/25/2013** at 07:07:31 AM

Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

1  Brian R. Riley, Esq. (Bar No. 118913)
   LAW OFFICES OF BRIAN R. RILEY
2  16466 Bernardo Center Drive, Suite 106
   San Diego, California 92128
3  (858) 487-5451
   (858) 487-0579 fax
4
   Attorney for Plaintiff,
5  JEFFREY MOURNING

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SAN DIEGO - CENTRAL**

10 JEFFREY MOURNING,                    )      CASE NO.
                                        )
11            Plaintiffs,               )      STATEMENT OF DAMAGES
                                        )
12 vs.                                  )
                                        )
13 COUNTY OF SAN DIEGO, a Governmental  )
   Entity; SAN DIEGO SHERIFF'S DEPT., a )
14 Public Entity; and DOES 1 through 40,)
   inclusive,                           )
15                                      )
                                        )
16            Defendants.               )
                                        )
17

18 TO:   DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

19        PLEASE TAKE NOTICE THAT Plaintiff, JEFFREY MOURNING, hereby requests

20 the following general and special damages:

21        1.    The value of medical, hospital and nursing care, services and supplies incurred

22 to date in an amount according to proof;

23        2.    Future medical expenses in an amount according to proof;

24        3.    Loss of earnings and future earnings capacity in an amount according to proof;

25        4.    Reasonable compensation for pain, suffering, fears, anxiety and other mental

26 and emotional distress he has suffered and for similar suffering which he is reasonably

27 ///

28

1  certain to suffer in the future in an amount according to proof.

2

3  DATED: 7/25/13                          LAW OFFICES OF BRIAN R. RILEY

4

5                                          Brian R. Riley, Attorney for
                                           Plaintiff, JEFFREY MOURNING
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT OF DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Brian R. Riley, Esq.                    (SBN118913)
Law Offices of Brian R. Riley
16466 Bernardo Center Dr., Ste. 106
San Diego, CA 92128
TELEPHONE NO.: 858-487-5451   FAX NO.: 858-487-0579
ATTORNEY FOR *(Name):* JEFFREY MOURNING

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS: **Same**
CITY AND ZIP CODE: **Santa Diego, CA 92101**
BRANCH NAME: **Central**

CASE NAME:
**JEFFREY MOURNING v. COUNTY OF SAN DIEGO, et al.**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/25/2013** at 07:07:31 AM
Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | | 37-2013-00059391-CU-PO-CTL |
| | | | JUDGE: Judge Joan M. Lewis | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☑ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action *(specify):* **3**
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 25, 2013

Brian R. Riley, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>COUNTY OF SAN DIEGO, a Governmental Entity; SAN DIEGO<br>SHERIFF'S DEPT., a Public Entity; and DOES 1 through 40, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JEFFREY MOURNING | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**07/25/2013** at 07:07:31 AM<br><br>Clerk of the Superior Court<br>By Lee McAlister,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)* San Diego Superior Court, Central<br><br>330 W. Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2013-00059391-CU-PO-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian R. Riley, Esq., 16466 Bernardo Center Dr., Ste. 106, San Diego, CA 92128 - (858) 487-5451

| | | | |
|---|---|---|---|
| DATE: 07/26/2013<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _L. McAlister_ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

## <u>ELECTRONIC FILING REQUIREMENTS OF THE</u>

## <u>SAN DIEGO SUPERIOR COURT</u>

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## <u>PERMISSIVE eFILING</u>

Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 3, 2013 <u>and</u> has been imaged by the court.

## <u>MANDATORY eFILING</u>

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set forth in the Civil Cover Sheet, Judicial Council form CM-010 – but not including construction defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and

Revised 6-21-13

Securities Litigation cases, as well as insurance coverage claims arising from these case types. Construction defect cases, currently being filed through the LexisNexis website, will continue to be filed through that system until further notice.

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving

papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

Revised 6-21-13

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO
- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

Revised 6-21-13

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised 6-21-13

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| --- | --- |
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7065 |

| PLAINTIFF(S) / PETITIONER(S): | Jeffrey Mourning |
| --- | --- |
| DEFENDANT(S) / RESPONDENT(S): | County of San Diego et.al. |

JEFFREY MOURNING VS COUNTY OF SAN DIEGO [IMAGED]

| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2013-00059391-CU-PO-CTL |
| --- | --- |

## CASE ASSIGNMENT

Judge:   Joan M. Lewis                                          Department: C-65

COMPLAINT/PETITION FILED: 07/25/2013

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 01/10/2014 | 11:00 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 08-12)                                                                                                                   Page: 1

## NOTICE OF CASE ASSIGNMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00059391-CU-PO-CTL    CASE TITLE:

Jeffrey Mourning vs County of San Diego [Imaged]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME:    Central | *FOR COURT USE ONLY* |

PLAINTIFF(S):   Jeffrey Mourning

DEFENDANT(S): County of San Diego et.al.

SHORT TITLE:   JEFFREY MOURNING VS COUNTY OF SAN DIEGO [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2013-00059391-CU-PO-CTL |
|---|---|

Judge: Joan M. Lewis                                                      Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                        ☐  Non-binding private arbitration

☐  Mediation (private)                                      ☐  Binding private arbitration

☐  Voluntary settlement conference (private)      ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                         ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                          Name of Defendant

_____          _____
Signature                                                    Signature

_____          _____
Name of Plaintiff's Attorney                           Name of Defendant's Attorney

_____          _____
Signature                                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  07/26/2013                                          _____
                                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

F I L E D
Clerk of the Superior Court

JAN 03 2013

By:  Amy Helfers

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE PROCEDURES REGARDING
ELECTRONIC FILING

GENERAL ORDER OF THE
PRESIDING DEPARTMENT

ORDER NO. 010313

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order:  *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project").  Phase Two of the Program is the implementation of electronic filing by counsel and parties through the court's E-File Service Provider.

Electronic filing under Phase Two of the Program will initially be limited to the Central Civil Division only.  Probate and North County Civil Divisions of the Superior Court

are excluded from Phase Two of the Program.  This General Order relates to Phase Two, and supplements General Order:  *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Permissive E-Filing will begin January 7, 2013 in predetermined non-mandated civil cases in the Central Division, and expand as resources permit.  Beginning March 4, 2013, E-Filing will be mandatory in certain types of cases.  Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-Filing are available on the court's website.  Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider").  E-File Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Pursuant to Government Code section 68150 and California Rules of Court, rule 2.504, electronic documents, whether imaged by the court or filed by the parties, are certified as official records of the court.

Additional and more specific information on electronic filing can be found on the court's website.

///

///

///

1    This Order shall expire on December 31, 2013, unless otherwise ordered by this

2 court.

3    IT IS SO ORDERED.

4 Dated:  January 3, 2013

_Robert Trentacosta_

ROBERT J. TRENTACOSTA
**Presiding Judge**